13501

GREENVILLE MOTOR CO. v. THACKSTON

(166 S. E., 357)

*Mr. W. G. Sirrine,* for appellant,

*Mr. J. L. Love,* for respondent,

November 2, 1932.

The opinion of the Court was delivered by Mr. Justice Bonham.

Plaintiff brought action in the County Court of Greenville to recover of defendant the sum of $65.00, alleged to be the balance due on the price of an automobile which defendant purchased of plaintiff. For answer to the complaint, defendant set up failure of consideration because of defects in the car, and by first counterclaim demanded a return of the amount already paid by him on the purchase price of the machine, and by his second counterclaim asked damages in the sum of $1,000.00 for expenses incurred in employing an attorney to defend this suit, for time lost from his business to attend to the suit, and for damages to his reputation by having his car attached by the sheriff.

The case was heard by the Judge of the County Court without a jury. He filed an order to the following effect:

"It appears from the evidence in this case that there was a latent defect in the engine, in this car, that was not known to either the plaintiff or defendant when the plaintiff sold to the defendant the said car. That being the case I think that both parties should bear the costs of putting the engine of said car in good condition, and as to what it will cost to put said engine in said car in good condition I will hear expert testimony on said question, if the parties to this suit desire to make proof of the same."

"I do not consider that I have sufficient evidence before me now to pass upon that question."

He also stated in his order that he did not pass upon the second counterclaim for the reason that it could not be legally set up in this case.

The defendant appeals upon grounds stated in four exceptions. The respondent challenges the right of defendant to appeal from this order, alleging that "it is an interlocutory order and not appealable."

We think the objection is not tenable. It is true that the order does not specifically give judgment for the plaintiff, but it does in effect overrule the first counterclaim, and denies the right to set up the second counterclaim, and provides the way for the taking of additional testimony to determine to what extent defendant should be allowed credit for the expense of putting the engine of the car in good condition. Appellant's counsel states in his brief that "no judgment was entered by either party." At folio 39 of the Transcript of Record it is stated, immediately following the order of Judge Ansel, "Judgment was duly entered upon the above decision." This Court is bound by the record, which is agreed to by both parties.

The trial Judge declined to consider the second counterclaim because he did not think it could be set up in this case. There was no demurrer to the counterclaim by the plaintiff, so that it was before the Court, as a counterclaim for damages for plaintiff's alleged misrepresentations as to the condition of the automobile, which misrepresentations caused loss to defendant by necessitating the employment of counsel to defend the suit, by loss of time from his business, and by damages to his reputation by having his car seized by the sheriff.

Section 468, Code 1932, provides that a counterclaim may be set up when a cause of action exists in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action and arising out of one of the following causes of action: "(1) A cause of action arising out of the contract or transaction set forth in

the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

The complaint sets forth that the foundation of ■ plaintiff's claim is a transaction in which plaintiff sold to defendant an automobile at a stated price, upon which there remained due the sum of $65.00. Defendant sets up a counterclaim for damages growing out of alleged misrepresentations as to the condition of the automobile, the sale and purchase of which is the foundation of plaintiff's claim. Such a counterclaim is within the terms of the Code. It is, moreover, sustainable on the ground that it is "connected with the subject of the action."

Mr. Justice McIver in *Humbert v. Brisbane,* 25 S. C., 506, defines the subject of the action to be "the plaintiff's main primary right which has been broken, and by means of whose breach a remedial right arises."

Plaintiff's primary right is to recover the price of his automobile as per the contract growing out of the transaction. Defendant denies liability and claims damages because, as he alleges, plaintiff caused him to enter the contract by misrepresentations from which he has suffered damages. It seems clear that the counterclaim is related to the subject of the action, "grows out of the transaction."

We are not to be understood to be passing upon the weight or sufficiency or the merit of the counterclaim. We only say that it is in its nature pertinent to the contract or the transaction set forth in the complaint as the "foundation of the plaintiff's claim," and as "connected with the subject of the action."

The case must go back for a new trial; for that reason we do not consider the other grounds of appeal.

The judgment of the lower Court is reversed, and the case is remanded to that Court for new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.