14516

KNIGHT *ET AL.* v. FIDELITY & CASUALTY CO. OF NEW YORK

(192 S. E., 558)

November, 1936.

364

*Messrs. Willcox, Hardee & Wallace,* for The Fidelity &
Casualty Co. of N. Y., defendant-appellant and respondent,
cite:

*Messrs. Leppard & Leppard,* for plaintiff-respondents and
appellants, cite:

July 10, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It appears from the Transcript of Record that Barney E. Knight of Union County, N. C., was a soldier in the service of the United States; that he had what is known as war risk insurance in the sum of $10,000.00, with his mother Mollie Knight as beneficiary. He died the 29th day of October, 1918, intestate, leaving, him surviving, as his only heirs at law and distributees, his father, William T. Knight, his mother, Mollie Knight, and his brother and sister, the plaintiffs in this action. That from the insurance, the government paid to Mollie Knight the sum of $57.50 per month up to the time of her death, which occurred in September, 1925. She died intestate, leaving her surviving as her only heirs at law and distributees, her husband, William T. Knight, and her children, the plaintiffs in this action. At the time of her death Mollie Knight was a resident of Union County, N. C. On or about the 20th day of October, 1925, William T. Knight, then a resident of Union County, N. C., was duly appointed by the clerk of the Superior Court of Union County, acting as Judge of Probate, administrator of the personal estate of Barney E. Knight, and qualified with the defendant, the Fidelity & Casualty Company of New York, as his surety in the sum of $15,000.00, with the usual conditions of obligation. After the death of Mollie Knight, the government paid to William T. Knight, as the administrator of the estate of Barney E. Knight, the sum

of $7,352.50 as the commuted value of the policy of insurance on the life of Barney E. Knight, which money was the only asset of the said decedent.

It is alleged in the complaint that William T. Knight, as such administrator, duly administered the estate of Barney E. Knight, except that he did not distribute the money thus paid him as the commuted value of the policy of insurance, to the heirs at law of Barney E. Knight and Mollie Knight.

It is further alleged in the complaint that the insurance money, on the death of Barney E. Knight, was payable to his father and mother in equal amounts, and that upon the death of Mollie Knight the plaintiffs became entitled to four-fifths of the sum paid to William T. Knight as administrator of Barney E. Knight.

It is further alleged in the complaint that William T. Knight, in breach of his duty, filed in the office of the clerk of the Superior Court of Union County, N. C., a false and fictitious account of his actions and doings as such administrator, wherein he alleged that he had paid unto each of these plaintiffs, as their respective distributive shares of said insurance money, the sum of $980.33, whereas he had and has not paid to them, or any of them, any part of said sum, but appropriated and converted all of said insurance money to his own personal use.

Thereafter William T. Knight, in 1933, died while residing in Union County, N. C., and there has been no administration of his estate.

This action is brought by the plaintiffs against the defendant as surety on the bond of William T. Knight, as administrator of the estate of Barney E. Knight, to recover the sum thus alleged to be due them.

On motion of the defendant, the action was dismissed as to Bessie Knight Lowry on the ground that she is a resident of the State of North Carolina and cannot maintain this action because the cause of action arose in the State of North

Carolina, and the subject of the action is situate in that state.

The defendant gave notice of a motion to dismiss the complaint on the grounds that:

"1. That plaintiffs were not at the time of the institution of this action, and are not now, residents and citizens of Chesterfield County, State of South Carolina, and that the complaint shows that the cause of action did not arise in the State of South Carolina, nor is the subject of the action situate in this State, and it appears from the complaint that the defendant is a foreign corporation.

"2. That it appears from the complaint in this action that the subject of the action is an administration proceeding now pending before the clerk of the Superior Court of the general jurisdiction of the State of North Carolina aforesaid, which Court has exclusive jurisdiction of said matters, and of the parties to this action.

"Affidavit of J. B. Walker:

"State of South Carolina, County of Chesterfield:

"Personally appeared before me, J. B. Walker, who, being duly sworn says that he has known the plaintiff Bessie Knight Lowry one year, and that plaintiff is now and has been for one year, resident of Union County, State of North Carolina.

"J. B. Walker.

"Subscribed and sworn to before me this 2nd day of May, 1936.

"J. F. Richardson, Notary Public, Chesterfield County, South Carolina."

The defendant demurred to the complaint on the following grounds:

"1. It appears from the complaint in this action that the subject of the action is an administrative proceeding now pending before the clerk of the Superior Court of Union County, North Carolina, as a probate proceeding, a Court of General Jurisdiction in the State of North Carolina afore-

said, which Court has exclusive jurisdiction of the matters and of the parties to this action.

"2. That there is a misjoinder of causes of action in that the cause of action, if any, in favor of each of the plaintiffs is a separate and distinct cause of action and demand on his or her part against the defendant, and that the plaintiffs have no joint demand or joint cause of action against the defendant.

"3. That it appears from the complaint in this action that the plaintiffs are merely distributees of an estate, and that as such they have no right to maintain this action upon the bond of the administrator of the estate of Barney Knight, such action, if any, being a right which can be examined only by an administrator *de bonis non* of the estate of said deceased.

"4. That it appears from the complaint in this action that there is a defect of parties plaintiff in that the named plaintiffs are merely distributees of an estate and that the administrator *de bonis non* of the estate of Barney E. Knight is a necessary party plaintiff in the action.

"5. That it appears from the complaint in this action that the plaintiffs are distributees of the estate of Mollie Knight, deceased, and that as such they have no right to maintain this action upon the bond of the administrator of the estate of Barney E. Knight, such action, if any, being a right in the administrator of the estate of the said Mollie Knight, deceased."

The motion to dismiss the complaint and the demurrer were heard by Judge Dennis, who, in an order duly filed, dismissed the motion to dismiss the complaint, except as to Bessie Knight Lowry; as to her it was granted. He overruled all the grounds of the demurrer, except the second, which relates to a misjoinder of actions; this he sustained, but gave plaintiffs leave to separate the cause of action into three causes of action by the three remaining plaintiffs.

From this order, the defendant appealed on four exceptions, to wit:

1. Error to hold that the plaintiffs as heirs at law of Mollie Knight have the right to maintain this action upon the bond of William T. Knight as the administrator of Barney E. Knight.

2. Error to overrule the motion to dismiss the complaint, and the demurrer, because it appears from the complaint that the subject of the action is an administration proceeding pending before the clerk of the Superior Court of Union County, N. C., as a probate proceeding, which is a Court of general jurisdiction of the State of North Carolina, which has exclusive jurisdiction of such matters and the parties to this action, hence this Court in which the action is brought is without jurisdiction to try the case.

3. Error to hold that plaintiffs have the right to maintain this action in the Court of Common Pleas for Chesterfield County, S. C., because in view of Section 465, North Carolina Consolidated Statutes, an action on the bond of William T. Knight, as administrator, could only be brought in Union County, N. C., of which place William T. Knight was a resident, and in which the defendant, the Fidelity & Casualty Company, is found.

4. Error to hold that plaintiffs have the right to maintain this action in the Court of Common Pleas for Chesterfield County, S. C., because said Court had no jurisdiction of the subject-matter of the controversy, therefore, the Court had no jurisdiction of the defendant surety company, as such surety, since the Court would have no jurisdiction of the principal on the surety bond.

Bessie Knight Lowry appeals upon two exceptions, to wit:

1. Error to dismiss the complaint as to her because under the provisions of Section 2, Article 4, of the Federal Constitution, and Section 688 of 28 U. S. C. A., the Courts of a state are required to entertain an action brought by a nonresident of one state against a nonresident defendant; and

because a nonresident may join a plaintiff in an action brought by a resident of the state in which the action brought is against a nonresident defendant; and because Bessie Knight Lowry is a necessary party to a complete determination of the controversy.

2. Error to hold that the causes of action of the plaintiffs were improperly joined.

■■ The trial Judge held:

"It has been generally settled that the heirs or distributees of a distributee of an intestate cannot maintain an action on a bond of the administrator of the intestate, *Kaminer v. Hope, supra,* 9 S. C., 253; *Strickland v. Bridges,* 21 S. C., 21, at page 25. The plaintiffs in this case are shown by the complaint to be distributees of Mollie Knight, who died intestate, they claim the funds as such, and they bring this action upon the bond of William T. Knight, as administrator of the estate of Barney E. Knight. However, Mollie Knight, through whom they claim, died prior to qualification of the administrator of the estate of Barney Knight, and it appears from the allegations of the complaint that while an administrator of the estate of Mollie Knight was appointed by the Probate Court of Union County, the claims against said estate were duly paid and discharged or have been forever barred by the nonclaim statute of the State of North Carolina, and I am of opinion that these facts and circumstances render this action an exception to the general rule that the distributees of a deceased distributee cannot sue upon the bond of the administrator of the intestate of the first distributee."

We think this statement is in error; the facts narrated are not sufficient to take the case out of the operation of the rule which his Honor recognizes to be the established rule in this jurisdiction, to wit:

"It has been settled generally that the heirs or distributees of a distributee of an intestate cannot maintain an action on the bond of the administrator of the intestate." Citing

*Kaminer v. Hope*, 9 S. C., 253; *Strickland v. Bridges*, 21 S. C., 21, 25.

The appellant, the Fidelity & Casualty Company of ■ New York, elects to argue its appeal upon two grounds:

First. Has the Court jurisdiction of an action of the nature disclosed by the complaint?

Second. If the Court has such jurisdiction of the causes of action, are the allegations sufficient to show that the plaintiffs have causes of action against this defendant?

Section 420, Vol. 1, Code Civil Proc. 1932, provides that an action must be tried in the county in which the subject or some part thereof is situated.

Section 421, *Id.*, provides that an action must be tried in the county where the cause or some part thereof arose.

Section 826 of the Code of Civ. Proc. provides that:

"An action against a corporation created by or under the laws of any other State, government or country may be brought in the Circuit Court:

"(1) By any resident of this State, for any cause of action.

"(2) By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated, within the State."

It was long a vexed question, what is the meaning of the terms "cause of action" and "subject of action"? So far as this jurisdiction is concerned, that question was set at rest by the case of *Ophuls & Hill, Inc., v. Carolina Ice & Fuel Co.*, 160 S. C., 441, 158 S. E., 824, 827: "Many attempts to differentiate the meaning of the terms 'cause of action' and 'subject of action' occur in the law books. None of them more clearly states that difference than does Bliss on Code Pleading (3rd Ed.) 214, quoted with approval in our case of *Columbia National Bank v. Rizer*, 153 S. C. [43] at page 55, 150 S. E., 316, 320, 68 A. L. R., 443: '*The cause of action* has been described as being a legal wrong threat-

ened or committed against the complaining party; and the *object of the action* is to prevent or redress the wrong by obtaining some legal relief. The *subject of the action* is, clearly, neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the Court, nor is it that which the Court is asked to do for him, but it must be *the matter or thing, differing both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and this is, ordinarily, the property, or the contract and its subject-matter,* or other thing involved in the dispute.' (Italics added by us.)

"Another clear and succinct definition of the words 'subject of the action' is found in the case *Humbert v. Brisbane,* 25 S. C., 506; we quote: 'Exactly what is meant by the words, "subject of the action," as used in the code does not seem to be very clearly defined in any judicial decision which has come under our notice. Mr. Pomeroy, who is regarded as a standard authority in the construction of the code, in his valuable work on Remedies, at page 800, Section 775, after stating some of the different constructions which have been placed upon these words, uses this language: "It would, as it seems to me, be correct to say in all cases, legal or equitable, that the 'subject of the action' is the plaintiff's main primary right which has been broken, and by means of whose breach a remedial right arises." ' "

Applying this definition to the suggested terms, what is the "cause of action" in this case? What is the "subject of the action"?

The cause of action is the right to recover from the insurance money paid by the government to William T. Knight upon the death of the soldier, the part thereof which went to Mollie Knight, his mother, and which upon her death was inherited by her husband and her children.

There can be no doubt that this cause of action arose in Union County, N. C.

What is the subject of the action? It is the liability of the administrator of the estate of Barney E. Knight, who received and appropriated to his own use the commuted value of the insurance money, on the death of Mollie Knight.

There can be no doubt that the subject of the action is situated in Union County, N. C.

What is there to give jurisdiction to the Courts of Chesterfield County, S. C.?

In the case of *Hodges v. Lake Summit Co.,* 155 S. C., 436, 152 S. E., 658, 661, plaintiff, a resident of South Carolina, sued the defendant, a North Carolina corporation, situated in that state, on the notes made payable to another North Carolina corporation, also situate in that state; the notes had been assigned to plaintiff as trustee. The question of jurisdiction arose in the trial of the case. This Court said thereabout: "It does not follow as a matter of course that the Court had jurisdiction of the *subject-matter* of the controversy for the reason simply that it had jurisdiction of the person of the defendant. In order to accord to the Court jurisdiction of the entire case, it must appear that its jurisdiction of both the person of the defendant and the subject-matter cannot be questioned."

The Court said further in that same case: "The cause of action sued upon is a note executed and delivered in the State of North Carolina, in relation to a business transaction had there, and specifically made payable at the office of the payee in North Carolina. It could not be other than a North Carolina contract. The maker of the note was a North Carolina corporation, * * * the payee was a corporation of that State. * * * Under the provisions of the [our] Code, the Green River Manufacturing Company could not have maintained an action upon the note in South Carolina. * * * Can the holder of a note in which he alone is interested, by assignment, confer upon

the Courts of South Carolina jurisdiction of an action by his assignee, which he himself could not have invoked?"

The Court gave a negative answer to its question. There is a strong similarity between that case and this.

Here is a North Carolina transaction. One is appointed by the proper legal authorities the administrator of the estate of a deceased resident of North Carolina. The appointed administrator is a resident of North Carolina, the bond was executed by a surety of the administrator doing business in North Carolina, its obligation is to make good any defalcation by the administrator in the performance of his duties as such administrator, which are regulated by the laws of North Carolina. The bond was made payable in case of default to the clerk of the Superior Court of Union County, N. C. Under these conditions, can the mere fact that the surety company is doing business in South Carolina give jurisdiction to the Courts of South Carolina in an action growing out of a transaction every phase of which arose and was performed in North Carolina?

In the case of *Salway v. Maryland Casualty Co.,* 176 S. C., 215, 179 S. E., 787, 790, these facts appear: The Bryce Plumbing & Heating Company, a South Carolina corporation, had a contract with the federal government to do certain work in Batavia, N. Y. The Standard Accident Insurance Company was its surety. The Bryce P. & H. Company sublet some of its work to Wm. R. McLoughlin, Inc., a Massachusetts corporation. The contract was executed at Florence, S. C., with Maryland Casualty Company, which is a Massachusetts corporation, as surety for McLoughlin, Inc. McLoughlin became indebted to certain tradespeople for material furnished in New York State; it made default in the performance of its contract, and did not pay the persons to whom it was indebted. Salway, a citizen of New York, brought an action in the Civil Court of Florence, S. C., against the surety on McLoughlin's bond to

the Bryce Company. The appeal was from an order overruling a demurrer, which challenged the jurisdiction of the Court. This Court said thereabout: "It is necessary to determine * * * whether plaintiff's cause of action arose in this State, or whether the subject of the action is situated in this State."

It then reproduces from the case of *Ophuls & Hill, Inc., v. Carolina Ice & Fuel Co., supra,* that which is already introduced in this opinion, and then proceeds thus:

"It is patent that in the case at bar the 'cause of action' was the failure of McLoughlin to pay for the material sold to him by plaintiff. There can be no particle of doubt that this cause of action arose in New York.

"The trial Judge in our case held that his Court had jurisdiction of the case because the subject of the action was the bond which McLoughlin had executed to Bryce Company, and which was in possession of the Bryce Company, in the county of Florence in this State. That position is untenable. The subject of the action is the materials furnished to McLoughlin by the plaintiff. Certainly these materials were never situated within this State."

It may be said with equal certainty that the money appropriated by William Knight to his own use, and which plaintiffs sue to recover in this action, was never situated in this State. They seek to recover by action against the surety on the bond of William T. Knight, as administrator of the estate of Barney E. Knight. This bond was made in Union County, N. C., to insure the faithful performance of his duties by William T. Knight as such administrator. It was made payable to the clerk of the Superior Court of Union County, N. C., who, acting as Probate Judge, appointed the administrator. Beyond a doubt, here is a North Carolina contract relating to matter wholly within the jurisdiction of the Courts of that State.

In the case of *Thompson v. Queen City Coach Co., Inc.,* 169 S. C., 231, 168 S. E., 693, 697, this Court said: "In

the case here there is no cause of action against the sureties except that arising out of the delict of the bus companies. As we have already shown, the Court has no jurisdiction of the subject of the action·in so far as the bus companies are concerned; it follows that it can have no jurisdiction of the case, and hence cannot entertain the action against the sureties."

Surely it will not be contended that the plaintiffs could sue William T. Knight, as the administrator of the estate of Barney E. Knight, in the Courts of Chesterfield County, S. C. By what authority then can they sue the surety on his administration bond in these Courts? None has been shown us.

It is familiar law that a contract is governed by the laws of the State in which it is made and to be performed.

In the case of *Livingston v. Atlantic Coast Line R. Co.*, 176 S. C., 385, 180 S. E., 343, this occurs, quoting Syllabus 1: "In engineer's action for disability benefits under railroad employees' relief contract, exclusion of decision of North Carolina Supreme Court involving construction of contract as irrelevant held error, where application was accepted and approved at home office of relief department in North Carolina, premiums were deducted from pay check at North Carolina office, and payment of claims was also made therefrom, since construction and performance of contract was governed by North Carolina law."

Quoting from Syllabus 3, this is found: "Unless there be something intrinsic in, or extrinsic of, contract that another place of enforcement was intended, *lex loci contractu* governs."

Section 465 of the North Carolina Consolidated Statutes provides that: "All actions upon official bonds or against executors and administrators in their official capacity must be instituted in the county where the bonds were given, if

the principal or any surety on the bond is in the county; if not, then in the plaintiff's county."

William T. Knight was a resident of and died in Union County, N. C., and the defendant surety on his administration bond is still there.

In the case of *Thompson v. Queen City Coach Co., supra,* this is said: "In so far as the surety companies are concerned, we understand it to be conceded that they are engaged in business in this State, and appellant contends that the Circuit Court would have jurisdiction of the case as to them even if not as to the bus companies. While it is true, as contended by appellant, that, where the surety's liability is joint and several, an action may be maintained against the surety without making the principal a party, the application of this principle is necessarily limited to cases in which the Court has jurisdiction of the entire case. In the case here there is no cause of action against the sureties except that arising out of the delict of the bus companies. As we have already shown, the Court has no jurisdiction of the subject of the action in so far as the bus companies are concerned; it follows that it can have no jurisdiction of the case, and hence cannot entertain the action against the sureties."

This clear and succinct statement announces an established rule which is in apt analogy with the case we are considering. We have shown that the Court of Common Pleas for Chesterfield County has no jurisdiction of the cause of action, nor of the subject of the action in this case. It follows that it can have no jurisdiction of an action against the surety on the administration bond of William T. Knight, as administrator of the estate of Barney E. Knight.

Having reached this conclusion, all other exceptions of both parties become academic.

The judgment of the Circuit Court is reversed and the complaint dismissed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.