14634

ODELL HARDWARE CO. v. SCARBOROUGH'S, INC.

(195 S. E., 631)

November, 1937.

*Messrs. Jennings & Jennings,* for appellant,

*Messrs. Blackwell & Smith,* for respondent.

March 8, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The plaintiff is a North Carolina corporation, with its principal place of business at Greensboro, and the defendant

is a South Carolina corporation, with its principal place of business in Columbia, in Richland County.

On August 20, 1934, the defendant executed and delivered. to W. Henry Hunter, as trustee, its certain promissory note, by the terms of which it promised to pay to him or to his order, at Greensboro, N. C., the sum of $100.00, on February 20, 1936, with interest from date at the rate of six per cent. per annum. Prior to the date of its maturity, this note was indorsed over and delivered, for value, by Hunter, as trustee, to the plaintiff. Default having been made in the payment of the note, this action was instituted by the plaintiff against the defendant in the County Court of Richland County, to enforce its collection. The defendant admitted the execution and delivery of the note, but denied, upon information and belief, that the plaintiff was its present owner and holder, and that it was duly presented for payment, and that no amount had been paid thereon. At the trial the defendant offered no testimony, but upon the conclusion of plaintiff's testimony, made an unsuccessful motion for a nonsuit, based upon the ground that the Richland County Court had no jurisdiction of the subject of the action. A verdict was directed for the plaintiff.

The case comes to this Court upon exceptions assigning error to the County Judge in overruling the motion for a nonsuit, and the appellant states in his brief that he relies for a reversal of the County Court, upon the cases of *Knight et al. v. Fidelity & Casualty Company of New York,* 184 S. C., 362, 192 S. E., 558; *Ophuls & Hill, Inc., v. Carolina Ice & Fuel Company,* 160 S. C., 441, 158 S. E., 824, and other cases cited.

We think the appellant has misconceived the holding of the Court in the cases cited, which discuss very fully those much vexed questions, "Subject of the Action," "Cause of Action," and "Object of the Action."

In *Ophuls & Hill, Inc., v. Carolina Ice & Fuel Company, supra,* which case is cited and relied upon in *Knight et al. v. Fidelity & Casualty Company of New York, supra,* the fol-

lowing was quoted with approval from Bliss on Code Pleading, 3d Ed., 214: " * * * The subject of the action is, clearly, neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the Court, nor is it that which the Court is asked to do for him, but it must be the matter or thing, differing both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and this is, ordinarily, the property, or the contract and its subject-matter, or other thing involved in the dispute."

The subject-matter of this action was the debt for which the defendant was liable, evidenced by the note executed by him, which note was introduced in evidence at the trial. In support of the contention that the Richland County Court lacked jurisdiction, the appellant seems to lay much weight upon the fact that the note in question was made payable at Greensboro, N. C., together with the added circumstances that it was also executed and delivered at that place, which would cause it to be a North Carolina contract. We find no definite evidence in the record that the note was actually executed at Greensboro, but, assuming this to be a fact, we are unable to appreciate its importance. If it is a North Carolina contract it can be sued upon in this State.

After providing in Section 420, 1932 Code, for the trial of certain causes in the county in which the subject of the action, or some part thereof, is situated, inapplicable to the present inquiry; and after providing in Section 421 for the trial of certain other causes in the county where the cause, or some part thereof, arose, inapplicable to the present inquiry, it is provided, in Section 422: "In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action."

It is conceded that the defendant, a domestic corporation, resides and has its principal place of business in the County of Richland, which is the venue fixed by the summons in this case.

It was held in *Hodges v. Lake Summit Co.*, 155 S. C., 436, 152 S. E., 658, that: "It does not follow as a matter of course that the Court had jurisdiction of the subject-matter of the controversy for the reason simply that it had jurisdiction of the person of the defendant. In order to accord to the Court jurisdiction of the entire case, it must appear that its jurisdiction of both the person of the defendant and the subject-matter cannot be questioned."

The subject or subject-matter of an action has been variously defined, but in so far as this jurisdiction is concerned, we have adopted the definition from Bliss on Code Pleading to the effect that it is the property or contract and its subject-matter, or other thing involved in the dispute.

The general rule is that debts have no local situs, but are suable in that jurisdiction where the defendant resides. In the case at bar, there can be no question but that this action was planted in a Court which had jurisdiction, and that the note or debt which is the subject of the action was brought under the control of the Court.

Perhaps the best distinction to be found between local and transitory actions is, that "if the cause of action is one that might have arisen anywhere, then it is transitory; but if it could only have arisen in one place, then it is local; and for the most part, actions which are local, are those brought for the recovery of real estate, or for injuries thereto, or for easements." Cooley on Torts, 2d Ed., 451.

The action at bar is a transitory action, founded on contract, and under the Code provision is properly triable in the county where the defendant resides. If the contention of the appellant were to prevail, we would have this anomalous situation, pointed out by the respondent: A resident of South Carolina could go to another state, purchase goods there, have them shipped to his home in this State, give a note for the purchase price payable in the state where the transaction took place, return to his home here, and, when sued in our

Courts, defeat recovery on the ground that the Courts of this State have no jurisdiction of the subject of the action. Obviously, the adoption of such a rule in such case would render the debtor immune from suit.

The cases of *Knight et al. v. Fidelity & Casualty Company of New York, supra,* and *Ophuls & Hill, Inc., v. Carolina Ice & Fuel Company, supra,* were decided upon an entirely different state of facts, and those cases constitute no authority to sustain the appellant's contention.

The exceptions are overruled, and the judgment affirmed.

MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.