20086

COASTAL MALL, INC., Respondent, v. C. B. ASKINS, Individually and C. B. Askins, d/b/a C. B. Askins Construction Company, Appellant.

(217 S. E. (2d) 725)

*Messrs. Nettles, Thomy and Smith,* of Lake City, *for Appellant,* cite:

*Messrs. Suggs, McCutcheeon & Ray,* of Conway, *for Respondent,* cite:

August 20, 1975.

BUSSEY, Justice:

The plaintiff, a corporation domiciled in Horry County, South Carolina, commenced this action in the Civil and Criminal Court of Horry County against the defendant, a resident of Florence County. The complaint alleged a written contract between the parties whereby the defendant agreed to construct a business mall in the City of Conway on property owned by the plaintiff. Included in the construction thereof was a pre-designed canopy structure. Plaintiff

asserted a breach of contract, the gravamen of the complaint being set forth in the following language:

"That the Defendant did not perform the contract of his part in that the Defendant installed said canopy structure in so unskilled and negligent a manner that the lock nuts for the canopy were not installed in the structure as called for as a result of which the portion of the canopy structure wherein the lock nuts were not installed collapsed, rendering said portion untenantable and useless, and Plaintiff was required to have the section of the canopy repaired and was without the use of said section of canopy while repairs were being made, all to its damage in the sum of Fifteen Thousand Dollars ($15,000.00)."

Upon service of the complaint the defendant answered denying any breach on his part and asserting that any damage sustained by the plaintiff was the result of an act of God. Defendant then moved for a change of venue, basing his motion upon the provisions of subsections 1 and 3 of section 10-310 of the 1962 Code of Laws. Section 10-310(1) provides for a change of venue "When the county designated for that purpose in the complaint is not the proper county;" and the defendant asserted that being a resident of Florence County, code section 10-303, entitled him to a trial in the county of his residence. Section 10-310(3) provides for a change of venue "When the convenience of witnesses and the ends of justice would be promoted by the change."

The lower court held that the defendant was entitled to a change of venue on neither ground, holding as to the first ground "that the subject of this action is for injuries to real property." And accordingly, that under the provisions of section 10-301(1), such would have to be tried in Horry County. We conclude that His Honor was in error in so holding.

It is readily apparent from the language of the complaint that the plaintiff seeks to recover damages for the breach of a contract, which of course, is normally a transitory ac-

tion. The fact that real estate was involved or that there was some injury thereto in that such was allegedly not as physically sound as it would have been but for the alleged breach of a contract, is not determinative of the issue. We have not before had occasion to apply the provisions of section 10-301(1) to a factual situation at all similar to this, but from a review of our cases and authorities from other jurisdictions we are not convinced that the plaintiff here has sustained any injury to real property within the meaning and intent of the code section.

Reflective, we think, of the trend and/or weight of authority from other jurisdictions is the following from 92 C. J. S. Venue, § 29, p. 734,

"Under the rule fixing the venue of actions for injuries to real property, the term 'injury' is used in a technical sense and as meaning every wrong which in legal contemplation is an injury to real property, and the rule is not limited to actions for physical injury to realty, or to physical interference therewith; but a statute relating to actions for damages to land does not apply to an action for damages for breach of a contract, as discussed *infra* § 43. It has been held that in order to permit the application of a statute relating to actions for 'damages to land,' the action must be one relating to an injury to the possession or to the freehold or estate, and that the statute does not apply to an action for profits lost by being excluded from land, where there was no injury to the possession, freehold or estate. Such a statute does not apply in actions partly local and partly transitory, and an action for damage to real estate in which the title is not directly drawn in question is a transitory, rather than a local, one under the venue statutes. So where an action for certain relief is essentially one to enforce a personal obligation, the existence of a claim for damages for alleged injuries to property does not require that the action be maintained in the county in which the property is located, * * *."

Of course, trespass *quare clausum fregit* was a local action and where almost any kind of injury occurs to real property, in the course of, or flowing from such a trespass, a consequent action to recover for damages to real property is a local one and, accordingly under the statute, triable in the county where the real property is located. See generally 92 C. J. S. *et seq.,* Venue, § 29b, p. 735. Decisions of this Court in accord with the foregoing include *Henderson v. Bennett,* 58 S. C. 30, 36 S. E. 2 (1900); *Pierce v. Marion County Lumber Co.,* 103 S. C. 261, 88 S. E. 135 (1916); and *Stuckey v. D. W. Alderman & Sons Co.,* 107 S. C. 426, 93 S. E. 126 (1917).

The plaintiff cites no authority, and we are aware of none factually in point, in support of the holding below that "the subject of this action is for injury to real estate." The only factually in point cases coming to our attention are two cited in defendant's brief. These are *Thompson v. Horrell,* 272 N. C. 503, 158 S. E. (2d) 633 (1968) and *Wise v. Isenhour,* 9 N. C. App. 237, 175 S. E. (2d) 772 (1970). Both of these cases involved claims against contractors based upon allegations that the building contracts had been breached in that they had not been properly performed, with resulting damages to the real property of the respective owners as a result of such breaches. The pertinent North Carolina statute is virtually identical with our code section 10-301(1) and in each of these cases it was held that the action was not for injury to real property within the purview of the statute.

If there be any "injury to real property" involved in this case such was only to that which became realty upon being constructed by the defendant under his contract. The pivotal question in the case is not whether there was, any remote or incidental injury to real property, but rather what is "the subject of the action." The statute requires the action to be tried in Horry County "if the subject of the action" or some part thereof is to recover "for injuries to real property" in Horry County. The term "subject of action" has been re-

peatedly defined in this State, *inter alia,* as "plaintiff's main primary right which has been broken, and by means of whose breach a remedial right arises," *Knight v. Fidelity & Casualty Co. of New York,* 184 S. C. 362, 192 S. E. 558; *Chick Springs Water Co. v. State Highway Dept.,* 178 S. C. 415, 183 S. E. 27; *Greenville Motor Co. v. Thackston,* 167 S. C. 305, 166 S. E. 357; *Ophuls and Hill v. Carolina Ice & Fuel Co.,* 160 S. C. 441, 158 S. E. 824; *Salway v. Maryland Casualty Co.,* 176 S. C. 215, 179 S. E. 787; *Porter v. Mullins,* 198 S. C. 325, 17 S. E. (2d) 684.

Here the main primary right of the plaintiff was the right to have the construction contract properly performed. Such right has allegedly been breached by the defendant with resulting damage to the plaintiff. The subject of this action is clearly, we think, such contract and its alleged breach.

Since we conclude that His Honor was in error in holding that the subject of this action was an injury to real property in Horry County within the meaning and intent of code section 10-301(1), it follows that the action was not brought in the proper county and the jurisdiction of His Honor was limited to ordering the venue changed to the proper county, to wit: Florence County, the residence of the defendant. *Mahon v. Burkett, et al.,* 160 S. C. 48, 158 S. E. 141.

His Honor's jurisdiction being so limited it follows that he had no jurisdiction to pass upon the other ground of the motion for a change of venue and we accordingly intimate no opinion thereabout. The judgment of the lower court is reversed and the cause remanded for entry of an order changing the venue of this action to Florence County.

Reversed and remanded.

Moss, C. J., and LEWIS, LITTLEJOHN and NESS, JJ., concur.