991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tyrus G. SMITH; Bonnie S. Smith, Plaintiffs-Appellants,
v.
MACK TRUCKS, INCORPORATED, Defendant-Appellee.
 No. 92-1352.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 27, 1992.
Decided April 16, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson (CA-91-1249-8-20), Henry Michael Herlong, Jr., District Judge.
 Samuel Fretwell Albergotti, argued (Ernest C. Trammell, Wright & Trammell, Anderson, SC, on brief), for plaintiffs-appellants.
 William Alexander Coates, Love, Thornton, Arnold & Thomason, P.A., Greenville, SC, for defendant-appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and RUSSELL and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this products liability action, Tyrus G. Smith appeals an order of the district court holding that application of S.C.Code Ann. § 15-5-150 (Law.Co-op.1977) precluded its consideration of the suit. Because prior circuit authority mandates application of the statute to this action, and because we find no error in the interpretation of the statute by the district court, we affirm.
 
 I.
 
 2
 Smith, a resident of Georgia for over 20 years, was employed by a trucking company located in South Carolina. On May 14, 1985, pursuant to his employment, Smith drove a truck from Greenville, South Carolina, to Mobile, Alabama. As he stepped from the truck in Alabama, Smith sustained injuries allegedly caused by defective placement of a grab bar. Following the accident, Smith continued to reside in Georgia, but received most of his required medical treatment in South Carolina. He also was awarded workers' compensation by the State of South Carolina.
 
 
 3
 Mack Trucks, a Pennsylvania corporation with its principal place of business in that State, manufactured the allegedly defective truck at its plant in Allentown, Pennsylvania. At the time of Smith's injury, Mack Trucks did not conduct any manufacturing, sales, service, or other business in South Carolina. In 1986, however, the company built a manufacturing plant in Fairfield County, South Carolina. Also subsequent to the accident, Smith's employer sold the truck to another transportation firm located in South Carolina and the truck is currently in that State.
 
 
 4
 Smith brought suit against Mack Trucks under theories of strict liability, negligence, and breach of warranty in United States District Court for the District of South Carolina.[1] Finding that application of § 15-5-150 prevented it from entertaining Smith's claim, the district court granted summary judgment in favor of Mack Trucks.[2] This appeal followed.
 
 II.
 
 5
 Section 15-5-150,[3] commonly referred to as a door-closing statute, prevents a nonresident of South Carolina from bringing suit against a foreign corporation in the state courts of South Carolina unless the cause of action arises in the state or the subject of the action is situated in the state. See Nix v. Mercury Motor Express, Inc., 242 S.E.2d 683, 684-85 (S.C.1978). In Proctor & Schwartz, Inc. v. Rollins, 634 F.2d 738, 739-40 (4th Cir.1980), we held that a federal court exercising diversity jurisdiction must apply § 15-5-150 unless countervailing federal considerations are present. See also Szantay v. Beech Aircraft Corp., 349 F.2d 60 (4th Cir.1965).[4] We considered "most crucial" the possibility that South Carolina might be the only state in which a party could join multiple defendants. See Proctor & Schwartz, 634 F.2d at 740. Since Proctor & Schwartz did not involve a question of joinder, we applied § 15-5-150. Id. Similarly, Smith does not seek to join multiple defendants by filing in South Carolina. Consequently, Proctor & Schwartz and the doctrine of stare decisis compel the conclusion that the door-closing statute applies.
 
 
 6
 With applicability of the statute resolved, we now turn to operation of § 15-5-150 on this action. Smith maintains that the courts of South Carolina define the subject of the action, as used in § 15-5-150, as the specific property involved in the suit. See Salway v. Maryland Casualty Co., 179 S.E. 787, 790 (S.C.1935) (concluding that materials furnished by plaintiff were the subject of the action). Since the truck was and continues to be located in South Carolina, Smith contends that the terms of the door-closing statute are satisfied and that this action may go forward.
 
 
 7
 In contrast, Mack Trucks urges that this phrase refers to a " 'plaintiff's main primary right, which has been broken, and by means of whose breach a remedial right arises.' " Coastal Mall, Inc. v. Askins, 217 S.E.2d 725, 727 (S.C.1975) (quoting Knight v. Fidelity & Casualty Co. of New York, 192 S.E. 558, 562 (S.C.1937)).[5] In the context of a products liability action, Mack Trucks continues, this is the inchoate right of a plaintiff to be free from injury caused by a defective product. According to Mack Trucks, this right only could have arisen in Pennsylvania where it manufactured the allegedly defective truck, or in Alabama, where the accident occurred.
 
 
 8
 While the South Carolina courts have used both the property and primary right approaches to define the subject of the action, compare Salway, 179 S.E. at 790 (finding that materials furnished by plaintiff constituted subject of the action) with Coastal Mall, 217 S.E.2d at 727 (holding that the "main primary right of the plaintiff was the right to have the construction contract properly performed"), we agree with Mack Trucks that the primary right interpretation is properly applied to a personal injury action that occurred outside the State of South Carolina. Cf. Nix, 242 S.E.2d at 685 (In wrongful death action involving an automobile accident in Virginia, door-closing statute barred the suit because the case involved "a cause of action that did not arise or the subject of which is not situated within this State."); Gibbs v. Young, 130 S.E.2d 484, 486 (S.C.1963) (In action arising from an automobile accident in Georgia, the door-closing statute prevented consideration of the suit against foreign corporate defendant.). Consequently, we agree that the subject of the action in this suit is not situated in South Carolina and that § 15-5-150 precludes consideration of this action.[6]
 
 III.
 
 9
 We conclude that § 15-5-150 applies to this action and that the subject of the action is not situated in South Carolina. Consequently, the district court properly declined consideration of this suit.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Smith's wife, Bonnie S. Smith, claimed loss of consortium
 
 
 [2]
 Although the district court referred to Federal Rule of Civil Procedure 56, because it did not consider the merits of Smith's claim, reference should have been made to Rule 12, not to Rule 56. See 10 Charles A. Wright et al., Federal Practice and Procedure § 2713 (1983)
 
 
 [3]
 The statute provides:
 An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
 ....
 (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.
 S.C.Code Ann. § 15-5-150.
 
 
 [4]
 The reasoning articulated in Szantay, 349 F.2d 60, and subsequently relied upon in Proctor & Schwartz, 634 F.2d 738, has been roundly criticized, see, e.g., Martin H. Redish & Carter G. Phillips, Erie and the Rules of Decision Act: In Search of the Appropriate Dilemma, 91 Harv.L.Rev. 356, 369-72 (1977), and has been considerably undermined by recent Supreme Court pronouncements on treatment of conflicts between state and federal law under the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), see Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 26-27 (1988). Because the parties did not brief or argue issues raised by the proper Erie analysis, we decline to apply Stewart here
 
 
 [5]
 Smith questions reliance on Coastal Mall, 217 S.E.2d 725, because it involved interpretation of a venue provision, not § 15-5-150. While this is true, Smith fails to recognize that to arrive at its holding, the court in Coastal Mall relied on cases construing the door-closing statute. See id. at 727
 
 
 [6]
 Relying on Olson v. Lockwood Greene Engineers, Inc., 292 S.E.2d 186, 188 (S.C.1982), Smith further contends that the courts of South Carolina consider it relevant to analyze the parties' contacts with the forum when applying § 15-5-150. Our research reveals divergent views on this point. Compare Olson, 292 S.E.2d at 188 (applying minimum contacts and due process analysis to foreign corporate defendant and finding that § 15-5-150 did not bar suit) with Eagle v. Global Assocs., 356 S.E.2d 417, 419 & n. 1 (S.C.Ct.App.1987) (refusing to apply minimum contacts analysis to defendant under § 15-5-150, and stating that minimum contacts analysis applied to defendant in Olson was dictum). We need not attempt to resolve this conflict for, even if a minimum contacts analysis applies, insufficient contacts exist to override application of the door-closing statute to this action