## CURNOW v. PHŒNIX INSURANCE COMPANY.

1. ACTIONS AGAINST FOREIGN CORPORATIONS.—The question whether chap. XXXVII. of General Statutes does not, by implication, authorize actions in the courts of this State against foreign insurance companies doing business in this State, raised but not considered.

2. IBID.—POLICY OF INSURANCE—SUBJECT OF ACTION.—In an action to recover for a loss by fire under the covenants of a policy of fire insurance, what is the "subject of the action?"

3. IBID.—IBID.—PLACE OF CONTRACT—CAUSE OF ACTION.—Where a policy of

fire insurance, covering a stock of goods in this State, was issued from the home office of the insurer corporation in Connecticut, but declared not to be valid until countersigned by their agent in this State, where it was so countersigned and delivered, and where the breach afterwards occurred, the cause of action arose in this State, and, therefore, the assured, and the plaintiff to whom the assured had assigned the policy after proof of loss and demand and refusal of payment, could maintain action against the foreign insurance corporation in the courts of this State.   Code, § 423.

4. POLICY—PLACE OF PAYMENT.—The stipulation in this policy, that the loss should "be paid to the assured, or to the assured's legal representatives, sixty days after due notice and satisfactory proof of the same have been received at their office, in accordance with the terms of this policy hereinafter mentioned," did not provide for payment at the home office, but only postponed payment until sixty days after notice and proof of loss received. at such office.

5. CASES CRITICISED.—This case distinguished from *Rodgers* v. *Mutual Endowment Association*, 17 S. C., 410, and *Central R. R., &c., Company* v. *Georgia, &c., Company*, 32 *Id.*, 319.

Before WALLACE, J., Barnwell, November, 1891.

Action against the Phœnix Insurance Company, of Hartford, Connecticut.   The opinion states the case.

*Mr. J. N. Nathans*, for appellant.

*Messrs. Bryan & Bryan*, contra.

October 26, 1892.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   The defendant company, by its agents duly qualified and authorized thereto, executed its policy of insurance in writing, and thereby insured Mrs. A. J. Levy against loss or damage by fire, to the amount of $2,500, on a stock of merchandise, consisting principally of dry goods, groceries, notions, &c., contained in the one-story building situate on south side of Railroad Avenue street, in the town of Blackville, South Carolina.   On October 18, 1889, said stock of merchandise was totally destroyed by fire, of which loss notice and proofs were given, and payment demanded within the time prescribed.   But the defendant corporation refused payment, and denied liability.   Afterwards, on April 22, 1890,

the said A. J. Levy duly assigned said policy of insurance and all moneys due thereon to the plaintiff, Sarah V. Curnow, upon certain trusts, and for the purposes in said deed of assignment, more particularly set forth; and on May 15, 1890, the said assignee brought this action against the defendant company for the insurance money, $2,500, in the County of Barnwell, South Carolina. The defendant company answered to the merits, admitting some paragraphs of the complaint and denying others. The case seems to have been in the United States court, but was "remanded" to the State court.

The cause came on for a hearing before Judge Wallace, who, on motion of the counsel for the defendant, dismissed the complaint, "because it appears that the plaintiff is a non-resident of this State, the defendant is a foreign corporation, and the cause of action did not arise in this State, and the subject of the action is not situated in this State," &c. Then the plaintiff moved to be allowed to amend her complaint, by adding thereto a copy of the assignment referred to in the complaint, claiming that the same would show that Mrs. A. J. Levy, a citizen of this State, and the original holder of the policy, still has a substantial interest therein. This motion was refused, on the ground that the court, having no jurisdiction of the action, can make no order in the cause. At the suggestion of counsel, the judge stated, "that the word 'record' is used to embrace only such part of the record as was submitted to him at the argument of the motion, which was the complaint and the papers to which it referred." The plaintiff appeals to this court from the order dismissing the complaint herein, and from the judgment entered up thereon, and from the order refusing the motion of the plaintiff to amend the complaint herein, upon the following grounds:

1. Because the policy sued on was issued by the defendant through its agent in this State on property in this State, where the loss occurred, and the policy and the loss thereunder was the cause of action, and his honor, therefore, erred in dismissing the complaint for want of jurisdiction.

2. That it appears from the complaint and the policy attached thereto, that the assured, A. J. Levy, was a resident of

this State, the property insured situate in this State, and that, subsequent to the loss, and after proof of loss by her, she assigned her right of action in and upon certain uses and trusts only, and the Circuit Judge erred in holding, that the court was without jurisdiction.

3. That, under and by virtue of chapter 37, sections 1353–4, of the General Statutes of South Carolina, the courts of this State have jurisdiction of all actions against foreign insurance companies doing business in this State, for liabilities incurred in this State, and the action herein was a liability incurred in this State, and the Circuit Judge erred in holding, that he did not have jurisdiction.

4. That the defendant was a foreign insurance company doing business in this State with a duly authorized agent, upon whom service could be made, as required by chapter 37, General Statutes, and upon whom service was made in this case; and the liability upon which the action herein was brought, having arisen upon a policy issued in this State, upon property situate within this State, both at the time of issuing the policy and of the loss, the Circuit Judge erred in holding, that the court was without jurisdiction.

5. That the Circuit Judge erred in holding, that he did not have power to grant the amendment asked for.

6. That the amendment asked for by the plaintiff was in the interest of right and justice, and his honor, the Circuit Judge, erred in not allowing the same.

Section 423 of the Code provides, that "an action against a corporation by or under the laws of any other State, government, or country, may be brought in the Circuit Court: (1) by any resident of this State, for any cause of action; (2) by a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated, within this State."

There was interesting argument at the bar as to whether the provisions of chapter 37 of the General Statutes do not, in the case of foreign insurance companies, authorize, by necessary implication, an action by a non-resident upon a policy of insurance issued in this State, through a local

agent established in the State, upon property situate in this State, at the time of insurance and loss thereunder. It is certainly true that the chapter of the General Statutes referred to contains some exacting requirements as to a foreign insurance corporation doing business in this State; as, for instance, that said company must take out a license from the comptroller general of the State, and have a reliable local agent in the State, whose warrant of appointment shall continue valid and irrevocable until another agent or attorney has been substituted, so that at all times, while any liability remains outstanding, there shall be within the State an agent or attorney as aforesaid, and shall contain a consent, expressed, authorizing process of law, to be served on said agent or attorney, for all liabilities of every nature incurred in this State by said company, &c. This would seem to have in contemplation legal proceedings in this State for all liabilities incurred in this State. But we do not think it necessary to go into that matter in this case, and we make no ruling upon the subject.

Then recurring to section 423 of the Code. It is sometimes difficult to have a clear view of what is "the subject of the action." As I understand, this is not a simple money demand, although in case of recovery the amount is fixed; but an agreement for the performance of mutual covenants as to particular property. But, as we think, it is less difficult to determine whether the cause of action arose within this State. It is obvious that, by the loss of the goods, the proper proofs, and the refusal of the defendant company upon demand to pay the insurance, the cause of action had accrued before the assignment of the policy to the plaintiff. If Mrs. Levy, the assured, had brought the action herself, no possible objection could have been made to the jurisdiction, and it seems to me that it would seem rather a strange result, if the identical cause of action already accrued could not be enforced in our courts by one who became the assignee of the right, primarily for the purpose of saving a debt due to herself, simply for the reason that she happened to be a non-resident of the State.

But where did the cause of action arise? "When a contract

is made in one place, and to be performed in another, the cause of action upon such contract arises at the latter place." *Rodgers* v. *The Mutual Endowment Association*, 17 S. C., 410. But "in the absence of any thing indicating the contrary, the place of the making of a contract is presumably that of its performance by the law whereof it is to be interpreted and its effect defined." Bish. Con., § 1391. Where was this contract of insurance made? Most certainly, in the State of South Carolina; the property insured was situate in South Carolina, the owner of it lived in South Carolina, and, so far as appears, was never out of the State, her negotiations for insurance having been with the agent of the defendant company, located and authorized by law to do business in this State. It is true, that the printed policy was issued from the "home office" of the company at Hartford, Connecticut, but it was not delivered in Connecticut, the policy itself declaring "that it should not be valid until countersigned by the authorized agent of the company at Blackville, S. C." In accordance with this condition, the policy was "Countersigned at Blackville, February 22, 1889," (signed) R. M. Mixon, agent. We think that the delivery of this policy at Barnwell, S. C., by their authorized agent, for and in behalf of the company, was the contract of insurance, and that it was made in South Carolina, and that being breached here, the cause of action arose in South Carolina. "If, however, by the terms of the policy, it is not to be binding unless countersigned by an agent resident at a particular place, that place must be regarded as the place where the contract is made, and the laws and usages of that place must govern in the interpretation of the contract." May Ins., § 66, and authorities.

It is insisted, however, that by the express stipulations of the policy, the insurance, in case of loss, was to be paid at the "home office" of the defendant corporation ; and, therefore, in that respect, the case is like that of *Rodgers* v. *Mutual Endowment Association*, 17 S. C., 410. We think this view is founded on a misconstruction of the policy. The paragraph of the policy that is relied on reads as follows : "And to be paid to the assured, or the assured's legal representatives, sixty days after due notice and satisfactory proof of the same

have been received at this office, in accordance with the terms of this policy hereinafter mentioned." The only reference here made to the payment of the insurance was as to whom the payment should be made, and to the time—sixty days after notice and satisfactory proof of the same should be received at their office, &c. It is manifest that the mention of their office referred only to the receipt of the notice and proofs; and if confirmation of this were necessary, it is found in the words which immediately follow, "in accordance with the terms of the policy hereinafter mentioned;" which could not appropriately apply to payment, but to the particular instructions contained in the policy as to notice and manner of proof. We think the policy contains no stipulation that the insurance, in case of loss, was to be paid at the "home office," Hartford, Connecticut, and that this case differs essentially in several respects from that of *Rodgers* v. *Mutual Endowment Association*, 17 S. C., 410.

In the case of *Central R. R., &c., Co.* v. *Georgia, &c., Co.*, lately decided by this court (32 S. C., 319), both the plaintiff and defendant were foreign corporations or companies, but it appeared that there was a contract to do work on a railroad, part of which was in South Carolina and part not; and it was held that as to work done in South Carolina, the cause of action arose in this State. In that case, the Chief Justice, in delivering the judgment of the court, said: "Under this state of facts, we can not say that the Circuit Court erred in holding, that the cause of action in this case, to large extent, arose in this State (as to the work done in this State), and hence this action, as well as the attachments issued in aid thereof, may be sustained, to the extent, at least, which these plaintiffs may be able to show at the trial, that they have a cause of action which arose in this State," &c. We think the cause of action in this case arose within this State, and that it was error to dismiss the complaint for the want of jurisdiction.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded for such proceedings as may be necessary to carry out the conclusions herein announced.