**William J. BUMGARDER, Appellant,**

v.

**KEENE CORPORATION, Forty-Eight Insulation, Inc., Appellees.**

**No. 78–1247.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 7, 1979.

Decided March 8, 1979.

Ronald L. Motley, Barnwell, S.C. (Terry E. Richardson, Jr., Barnwell, S.C., on brief), for appellant.

John P. Linton, Charleston, S.C. (Robert H. Hood, Sinkler Gibbs & Simons, Charleston, S.C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, RUSSELL, Circuit Judge, and THOMSEN *, Senior District Judge.

PER CURIAM:

Invoking diversity jurisdiction, William Bumgarder, a resident of North Carolina, sued several foreign corporations in the district court. His complaint was dismissed upon a finding that South Carolina's "door-closing" statute, S.C. Code § 15–5–150, barred the action. Bumgarder appeals, and we affirm.

The district court properly determined that Bumgarder's case did not fall within the terms of § 15–5–150, for he is neither a resident of South Carolina, nor did his cause of action against Keene or Forty-Eight arise within the state. Although Bumgarder relies upon *Szantay v. Beech Aircraft Corp.*, 349 F.2d 60 (4th Cir. 1965), we do not think countervailing federal considerations required the district court to entertain his suit and to ignore the South Carolina statute. Bumgarder could have maintained his suit in North Carolina, the place where he lived, worked and was allegedly exposed to asbestos. Because there was an alternate forum to the South Carolina court where Bumgarder could gain full relief, we find *Szantay* does not apply.

*AFFIRMED.*

* Senior District Judge for the District of Maryland, Sitting by Designation.