**PROCTOR & SCHWARTZ, INC. and SCM Corporation, Appellants,**

v.

**C. F. ROLLINS, Appellee.**

**No. 79–1876.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1980.

Decided Nov. 13, 1980.

John P. Linton, Charleston, S. C. (Sinkler, Gibbs & Simons, Charleston, S. C., on brief) and Samuel P. Pierce, Jr., Atlanta, Ga. (Warner S. Currie, Swift, Currie, McGhee & Hiers, Atlanta, Ga., on brief), for appellants.

John E. Parker, Ridgeland, S. C. (Peters, Murdaugh, Parker, Eltzroth & Detrick, Ridgeland, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and SPROUSE, Circuit Judges.

HAYNSWORTH, Chief Judge:

■ By permission of this court, Proctor & Schwartz, Inc. and SCM Corporation prosecute this interlocutory § 1292(b) appeal of the denial of their motions to dismiss. Among the grounds asserted for reversal, they argue that South Carolina's "door–closing" statute, S.C.Code § 15–5–150, deprived the district court of jurisdiction. We agree.

In 1972, Rollins was injured in an accident involving a machine manufactured by Proctor & Schwartz. Rollins resides in, was injured in, and recovered workmen's compensation in Georgia. The allegedly defective machine was manufactured in Pennsylvania. Proctor & Schwartz, a Pennsylvania corporation, is a wholly–owned subsidiary of SCM, a New York corporation.

Five years after the accident, Rollins sued the two foreign corporations in the United States District Court for the District of South Carolina. South Carolina's relatively long six–year statute of limitations, rather than any nexus with the facts giving rise to this cause of action, dictated Rollins' choice of forum. By 1977 the Georgia limitations period had long since run.

Section 15–5–150 opens the South Carolina state courts to two types of suits against foreign corporations: (1) by any resident for any cause of action; and (2) by a nonresident for any cause of action that arose within South Carolina. By implication, and by interpretation of the South Carolina Supreme Court,[1] the statute closes the doors of South Carolina's courts for suits, as the present one, involving a foreign cause of action brought by a foreign plaintiff against a foreign corporation.

In *Szantay v. Beech Aircraft Corporation*, 349 F.2d 60 (4th Cir. 1965), this court held that a South Carolina federal court exercis-

---

1. *Nix v. Mercury Motors Exp. Inc.*, 270 S.C. 477, 242 S.E.2d 683 (1979).

ing diversity jurisdiction must apply § 15–5–150 "unless there are affirmative countervailing federal considerations." *Id.* at 64. In refusing to apply the "door–closing" statute in *Szantay*, this court noted several countervailing federal considerations: (1) the purpose in the grant of diversity jurisdiction of avoiding discrimination against nonresidents; (2) the policy of encouraging a state to enforce the laws of its sister states; and (3) the fact that South Carolina was the only state in the country in which the two defendants could be joined.

Of the three countervailing federal considerations noted in *Szantay*, the third was the most crucial. This court recognized as much in *Bumgarder v. Keene Corporation*, 593 F.2d 572 (4th Cir. 1979). In that case the plaintiff was a resident of North Carolina, where the injury occurred. The defendants were foreign corporations. Refusing to apply the *Szantay* analysis "[b]ecause there was an alternate forum to the South Carolina court where Bumgarder could gain full relief," this court affirmed the dismissal of the complaint in light of the "door–closing" statute.

■ Rollins and the district court would distinguish *Bumgarder*, asserting that the North Carolina forum in that case was still available to the plaintiff when the suit was filed in South Carolina. The per curiam opinion neither supports nor rebuts that assertion.[2] In any event, the distinction is not persuasive. A plaintiff's failure to timely file suit in the more logical, convenient forum does not constitute a countervailing consideration favoring the exercise of federal jurisdiction.

Because we hold that the "door–closing" statute deprived the district court of jurisdiction, we need not reach the alternative grounds for dismissal.[3] We reverse and remand with instructions to dismiss for want of jurisdiction.

*REVERSED AND REMANDED.*

2. Reference to the record in *Bumgarder* indicates that the action was not commenced in South Carolina until October 1976, more than three years after accrual of the cause of action early in 1973. North Carolina General Statutes § 1–52(5).

3. Because the district court has no subject matter jurisdiction, the case may not be transferred under 28 U.S.C. § 1406(a).