RECREONICS
CORPORATION, Plaintiff,

v.

AQUA POOLS, INC., also known as
Aqua Pools and Supplies, Inc.,
Defendant.

Civ. A. No. 4:86–1314–15.

United States District Court,
D. South Carolina,
Florence Division.

June 16, 1986.

Robert H. Gwin, III, Myrtle Beach, S.C., for plaintiff.

Richard L. Shaffer, Jr., and W. Robinson Deaton, Jr., Shelby, N.C., David W. Stanton, Florence, S.C., for defendant.

## ORDER

HAMILTON, District Judge.

This action arises out of an alleged breach of contract for purchases of certain swimming pool materials and equipment. The plaintiff is an Indiana corporation, and the defendant is a North Carolina corporation which transacts business in Horry County, South Carolina. The matter is now before the court on the defendant's motion to dismiss pursuant to Rule 12(b)(1) & (6), Fed.R.Civ.P. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

The complaint, originally filed in state court on April 10, 1986, alleges that on or about June 17, 1985, the defendant sent a Purchase Order to the plaintiff agreeing to purchase $61,569.00 of swimming pool materials from plaintiff. Typed on defendant's Purchase Order was the statement "Pending Government Acceptance of Materials Submitted." The materials were to be delivered to Myrtle Beach Air Force Base in South Carolina. On or about July 1, 1985, plaintiff accepted defendant's Purchase Order by the delivery of its Acknowledgement and Sales Order. Plaintiff alleges that it commenced performance of its obligations but that on or about September 6, 1985, defendant repudiated the contract between the parties. As a result, plaintiff alleges it has sustained damages in the amount of $30,000. The defendant removed this case to federal court on May 20, 1986.

In the instant motion, defendant contends that this action should be dismissed for two distinct reasons. First, defendant

argues that the South Carolina Door Closing Statute, S.C.Code Ann. § 15–5–150 (1976) precludes this action from being brought in South Carolina, and that therefore, this court must dismiss the action for lack of subject matter jurisdiction, Rule 12(b)(1), Fed.R.Civ.P. Second, the defendant asserts that defendant's Purchase Order clearly states that the order is based upon the condition precedent of government acceptance of the materials, but that plaintiff has not pled performance of the condition precedent, as purportedly required by Rules 8(a) and 9(c), Fed.R.Civ.P. Therefore, defendant contends that the action must be dismissed for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Fed.R.Civ.P.

## I. SUBJECT MATTER JURISDICTION

■ In resolving a motion made under Rule 12(b)(1), a court must construe the complaint broadly and liberally. *Mitchell v. Parham*, 357 F.2d 723 (10th Cir.1966). The pleading will be read as a whole with any relevant specific allegations found in the body of the complaint taking precedence over the formal jurisdictional allegation, and all uncontroverted factual allegations being accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

With respect to the application of the Door Closing Statute, S.C.Code Ann. § 15–5–150, in both the state, and the federal courts, it is well settled that where the state court is without subject matter jurisdiction because of the Door Closing Statute, a federal court has no jurisdiction on removal of the case, even if it had been a case that might have been brought in federal court in the first instance. *Lightfoot v. Atlantic Coast Line R. Co.*, 33 F.2d 765 (E.D.S.C.1929). *See also Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738 (4th Cir.1980).

S.C.Code Ann. § 15–5–150 provides, in pertinent part that,

An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:

....

(2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

This statute expresses the state's concern for providing a forum for wrongs connected with the state while avoiding resolution of wrongs in which the state has little interest, and encouraging activity and investment within the state by foreign corporations without subjecting them to actions unrelated to the activity within the state. *See Rosental v. Unarco Industries*, 278 S.C. 420, 297 S.E.2d 638 (1982).

Thus, under the Door Closing Statute a nonresident plaintiff may sue a nonresident defendant in state court only when the "cause of action" arises, or the "subject of the action" is situated, in South Carolina. As applied to the present case the question confronting this court is: Does a South Carolina court have subject matter jurisdiction to hear a breach of contract claim brought by an Indiana plaintiff against a North Carolina defendant, where the goods were to be delivered to South Carolina, but prior thereto, the defendant allegedly terminated, i.e., anticipatorily repudiated, the contract?

The Supreme Court of South Carolina has given some definition to the terms "cause of action" and "subject of the action." As stated in *Ophuls & Hill, Inc. v. Carolina Ice & Fuel Co.*, 160 S.C. 441, 158 S.E. 824 (1931):

Many attempts to differentiate the meaning of the terms 'cause of action' and 'subject of action' occur in the law books. None of them more clearly states that difference than does Bliss on Code Pleading (3rd Ed.) 214, quoted with approval in our case of *Columbia National Bank v. Rizer*, 153 S.C. [43] at page 55, 150 S.E. 316, 320, 68 A.L.R. 443 [ (1929) ]: 'The *cause of action* has been described as being a legal wrong threatened or committed against the complaining party; and the *object of the action* is to prevent

or redress the wrong by obtaining some legal relief. The *subject of the action* is, clearly, neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the court, nor is it that which the court is asked to do for him, but it must be the *matter or thing, differing both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and this is, ordinarily, the property, or the contract and its subject-matter,* or other thing involved in the dispute.'

Another clear and succinct definition of the words 'subject of the action' is found in the case *Humbert v. Brisbane,* 25 S.C. 506; we quote: 'Exactly what is meant by the words, "subject of the action," as used in the code does not seem to be very clearly defined in any judicial decision which has come under our notice. Mr. Pomeroy, who is regarded as a standard authority in the construction of the code, in his valuable work on Remedies, at page 800, section 775, after stating some of the different constructions which have been placed upon these words, uses this language: "It would, as it seems to me, be correct to say in all cases, legal or equitable, that the 'subject of the action' is the plaintiff's main primary right which has been broken, and by means of whose breach of remedial right arises." '

*Id.* at 827. Thus, in *Ophuls* the court concluded that the South Carolina courts had jurisdiction to entertain a contract claim between nonresidents arising out of services to be rendered in South Carolina. Using the definitions given above, the court determined that plaintiff's cause of action arose in South Carolina. *Id.* at 829.

After a review of several cases construing the Door Closing Statute the court finds the decision in *Carpenter v. American Acc. Co.,* 46 S.C. 541, 24 S.E. 500 (1896) most factually analogous, and therefore, persuasive. In *Carpenter,* which involved a breach of an insurance contract, the nonresident plaintiffs sued the defendant Kentucky corporation in South Carolina for in-

surance proceeds to be paid in South Carolina. The court found there was subject matter jurisdiction, reasoning that:

> A cause of action on a contract arises at the place of performance; for there the delict or wrong, which is the refusal to perform, takes place.
>
> . . . .
>
> So that the final test as to where an action on a contract arises is to ascertain the place where it is to be performed.

*Id.* at 501. To similar effect is the court's statement in *Curnow v. Phoenix Insurance Co.,* 37 S.C. 406, 16 S.E. 132 (1892):

> But where did the cause of action arise? *'When a contract is made in one place, and to be performed in another, the cause of action upon such contract arises at the latter place'* ... But 'in the absence of anything indicating the contrary, the place of the making of a contract is presumably that of its performance, by the law whereof it is to be interpreted and its effect defined.'

*Id.* at 133 (citations omitted) (emphasis supplied). *See also Tillinghast v. Boston & Port Rottal Lumber Co.,* 39 S.C. 484, 18 S.E. 120, 122 (1893).

In another case involving nonresidents suing in South Carolina over a construction contract for a railway extending from Greenville, South Carolina, to Knoxville, Tennessee, the court denied the defendant's motion to dismiss where the complaint alleged that a considerable amount of work was done in the state. *See Central R. & Banking Co. v. Georgia Construction Co.,* 32 S.C. 319, 11 S.E. 192 (1890). Thus, review of the above cited cases convinces the court that the situs of performance is a focal point in resolving this question of subject matter jurisdiction over a contract claim.

■ As noted above, in the present case the swimming pool materials were to be delivered to Myrtle Beach Air Force Base in South Carolina. Thus, under the terms of the contract, performance was to be rendered in South Carolina. The court considers the mere fact that defendant alleg-

edly anticipatorily repudiated the contract, foreclosing plaintiff's opportunity to perform in South Carolina, to be nugatory since the anticipated place of performance was always intended to be in South Carolina. Therefore, since the "delict" or wrong, i.e., the refusal to perform, had its effect in South Carolina, plaintiff's "cause of action arises" in South Carolina. *See Carpenter*, 24 S.E. 501.[1]

Cases cited by the defendant are distinguishable. In *Bumgardner v. Keene Corp.*, 593 F.2d 572 (4th Cir.1979) (North Carolina plaintiff sues foreign corporations in federal district court in South Carolina over asbestos-related injuries sustained in North Carolina), *Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738 (4th Cir.1980) (Georgia plaintiff sues Pennsylvania and New York defendants for Georgia injuries; no nexus with South Carolina), and *Nix v. Mercury Motor Express, Inc.*, 270 S.C. 477, 242 S.E.2d 683 (1978) (nonresidents sue in South Carolina over Virginia collision) there were no legitimate, articulable activities providing a nexus with South Carolina. Similarly, the court is of the opinion that *Salway v. Maryland Casualty Co.*, 176 S.C. 215, 179 S.E. 787 (1935) is distinguishable, primarily because it involved an action by a materials supplier to recover *on a surety's bond*, and was not an action to recover *on the principal contract* to construct the government hospital in New York. *Salway* is thus not factually apposite to the instant case, which involves an action to recover on the principal contract.

## II. FAILURE TO STATE A CLAIM

 Defendant's second ground for dismissal may be summarily treated. Defendant contends that plaintiff's complaint is deficient because it fails to plead the specific occurrence of a condition precedent, i.e., government acceptance of the materials, as purportedly required by Rule 9(c), Fed.R. Civ.P. Without specifically addressing whether under the rules of civil procedure a failure to plead such a condition is fatal, the court rejects defendant's contention. Where, as alleged here, the defendant terminated the contract, and announced its intention not to perform, i.e., an anticipatory repudiation, the defendant preempted the testing, or the fulfillment of the condition precedent. Thus, to require plaintiff in the present case to plead fulfillment of the condition precedent would be to exalt form over substance, and would, indeed, be a hollow requirement. Accordingly, this claim has no merit.

Based on the foregoing reasons and the cited authorities, IT IS THEREFORE ORDERED that defendant's motion to dismiss pursuant to Rules 12(b)(1) & (6), Fed.R. Civ.P., be denied. IT IS FURTHER ORDERED that defendant be granted fifteen days from June 6, 1986, to file a responsive pleading in this action.

---

1. Since the court has found that plaintiff's cause of action arises in South Carolina the court does not reach the question whether the "subject of the action" is situated in South Carolina. The court notes, however, that in construing the phrase "subject of the action" the court in *Ophuls*, 160 S.C. 441, 158 S.E. 824 stated, *"on the subject of the action which is the contract* —admittedly a South Carolina contract—situated in this state." *Id.* at 829 (emphasis supplied).