Joseph F. GRIMSLEY, Plaintiff,

v.

**UNITED ENGINEERS AND CONSTRUCTORS, INC.,
Defendant.**

Civ. A. No. 6:93–171–20.

United States District Court,
D. South Carolina,
Greenville Division.

April 16, 1993.

J. Kendall Few and John C. Few, Greenville, SC, for plaintiff.

Ellis M. Johnston, II, and Alexander M. Bullock, Greenville, SC, for defendant.

### ORDER

HERLONG, District Judge.

This matter is before the court on the motion by the defendant, United Engineers and Constructors, Inc. ("UEC"), to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and the motion by the plaintiff, Joseph F. Grimsley ("Grimsley"), to transfer venue pursuant to 28 U.S.C. § 1404(a).

This action is a personal injury claim based upon the alleged negligence of UEC. The accident that forms the basis of this action occurred on January 1, 1991, on Johnston Atoll,[1] one of the Marshall Islands in the Pacific Ocean. Grimsley is a resident of Alabama. UEC is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. This action was filed on December 31, 1992.[2]

UEC has moved to dismiss the action for lack of subject matter jurisdiction. This motion is based upon the theory that the court is deprived of jurisdiction by the South Carolina "door-closing" statute, which provides:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
>
> (1) By any resident of this State for any cause of action; or
>
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within the State.

S.C.Code Ann. § 15–5–150 (Law. Co-op. 1976). The United States Court of Appeals for the Fourth Circuit has held that a federal court sitting in South Carolina exercising diversity jurisdiction must apply § 15–5–150 unless the case presents affirmative countervailing federal considerations that preclude its application. *Proctor & Schwartz, Inc. v. Rollins,* 634 F.2d 738, 739–40 (4th Cir.1980). This court finds that this action does not present the affirmative countervailing federal considerations contemplated by the Court of Appeals in *Rollins* and that, based on the holding in *Rollins,* § 15–5–150 deprives this court of subject matter jurisdiction in this action.

Grimsley has moved, pursuant to 28 U.S.C. § 1404(a), for a transfer of venue to the United States District Court for either the Middle District of Alabama or the East-ern District of Pennsylvania. The court, however, has already determined that it lacks subject matter jurisdiction in this action. When the court lacks subject matter jurisdiction, it does not have the power to transfer pursuant to § 1404(a). *Atlantic Ship Rigging Co., Inc. v. McLellan,* 288 F.2d 589 (3d Cir.1961); *Ulman v. Boulevard Enter., Inc.,* 638 F.Supp. 813 (D.Md.1986); *Tifa Ltd. v. Republic of Ghana,* 692 F.Supp. 393 (D.N.J.1988); *Levitt v. Maryland Deposit Ins. Fund Corp.,* 643 F.Supp. 1485 (E.D.N.Y. 1986); *James v. Dailey & Lewis,* 406 F.Supp. 645 (D.Del.1976); *Raese v. Kelly,* 59 F.R.D. 612 (N.D.W.Va.1973). Therefore, Grimsley's motion must be denied. Nevertheless, this does not mean that the court lacks all power to transfer the case. By the enactment of 28 U.S.C. § 1631 in 1982, Congress provided the federal courts with the power to transfer cases under certain circumstances even when the transferring court lacks jurisdiction. Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

To transfer the case under § 1631, this court must determine: (1) if there is another court in which the action could have been brought at the time it was originally filed, and (2) whether a transfer is in the interests of justice.

---

1. The complaint mistakenly refers to the atoll as Johnson Island. It is properly named in later pleadings.

2. The action was originally filed in the South Carolina Court of Common Pleas for Greenville County. At that time there was a second corporate defendant. That defendant was dismissed on January 20, 1993. UEC then removed the action to the United States District Court by the filing of a notice of removal on January 28, 1993.

Grimsley suggested in his motion that the case should be transferred to the United States District Court for either the Middle District of Alabama or the Eastern District of Pennsylvania. The record before the court does not reveal whether the court in the Middle District of Alabama would have personal jurisdiction over UEC. Therefore, this court cannot know whether the action could have been brought originally in the Middle District of Alabama.

UEC's principal place of business is located within the Eastern District of Pennsylvania. Therefore, that court would have personal jurisdiction over UEC and venue would be proper in that court. Also, Pennsylvania has a two year statute of limitations that applies to personal injury actions based upon negligence. 42 Pa.Cons.Stat.Ann. § 5524(7) (1992). If this action had been filed in Pennsylvania on the date that it was originally filed, it would have been timely.[3] Therefore, the action could have been brought in Pennsylvania at the time it was originally filed.

In determining whether a transfer is in the interest of justice, the court may consider whether the statute of limitations would bar the refiling of the action in the proper court. *United States v. 255.21 Acres in Anne Arundel County*, 722 F.Supp. 235, 242 (D.Md. 1989) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962)). In this case, the Pennsylvania statute of limitations has now run and would bar the filing of this action in that state. This would be a tremendous prejudice to Grimsley. Therefore, the court finds that a transfer would be in the interest of justice.

Based on the foregoing, it is

**ORDERED** that the defendant's motion to dismiss is denied. It is also

**ORDERED** that the plaintiff's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is denied. It is further

**ORDERED** that this action is hereby transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631. The Clerk of Court is directed to transmit the complete record of this case to the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania.

**IT IS SO ORDERED.**

---

**3.** The accident occurred on January 1, 1991. This action was filed on December 31, 1992.