**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RACHEL COLLINS, individually and as
Administrator (Personal
Representative) of the Estate of
John Henry Collins,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2805

RJ REYNOLDS TOBACCO COMPANY;
THE AMERICAN TOBACCO COMPANY,
<u>Defendants-Appellees,</u>

and

RJR NABISCO, INCORPORATED,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-94-1563-3-17)

Argued: June 6, 1996

Decided: August 12, 1996

Before WILLIAMS and MICHAEL, Circuit Judges, and
JACKSON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Edward Belding, Columbia, South Carolina, for Appellant. Carl Belden Epps, III, TURNER, PADGET, GRAHAM & LANEY, P.A., Columbia, South Carolina; Christopher James Daniels, NELSON, MULLINS, RILEY & SCARBOROUGH, Columbia, South Carolina, for Appellees. **ON BRIEF:** William A. Wehunt, Jonesboro, Georgia, for Appellant. CHADBOURNE & PARKE, L.L.P., New York, New York, for Appellee American Tobacco; JONES, DAY, REAVIS & POGUE, Washington, D.C., for Appellee R.J. Reynolds Tobacco.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Rachel Collins brought a wrongful death and personal injury action against Appellees after her husband, John Henry Collins ("Collins"), died of chronic obstructive pulmonary disease ("COPD"). She appeals the district court's granting summary judgment against her. For the following reasons, we affirm the district court's ruling.

I.

Appellant is a Georgia resident, as was her husband. In his capacity as a truck driver, Collins travelled throughout the United States, occasionally accompanied by his son. Collins began smoking Appellees' cigarettes in 1949. Appellant claims that Collins bought a significant amount of Appellees' cigarettes on his weekly truck trips through South Carolina; she further claims that he smoked some of the cigarettes in that state.

On October 3, 1986, in Georgia, a doctor advised Collins to stop smoking because Collins had performed poorly on pulmonary func-

2

tion tests. The same year, Collins acknowledged that he had a history of emphysema. On February 25, 1987, Collins entered a hospital in Georgia for treatment of respiratory distress. The medical records show that he exhibited signs of COPD and that doctors advised him that he must quit smoking. (J.A. at 189-92.) On July 7, 1991, Collins died of COPD in Atlanta. (J.A. at 179.)

Appellant filed this action on June 2, 1994; service was effective on July 3 of that year. Appellees are non-South Carolina corporations that manufacture and market cigarettes in South Carolina. The district judge granted summary judgment for Defendants-Appellees on the ground that the South Carolina "door-closing statute" deprived the court of subject-matter jurisdiction. S.C. CODE ANN. § 15-5-150 (Law. Co-op. 1977). In the alternative, he found that the action was time-barred. (J.A. at 164-78.)

The court of appeals reviews the district court's granting of summary judgement de novo. Farwell v. Un , 902 F.2d 282, 287 (4th Cir. 1990). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe all facts and draw reasonable inferences in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

II.

A.

South Carolina's door-closing statute precludes a nonresident of the state from bringing suit in South Carolina against a foreign corporation unless the cause of action arises in the state or the state is the site of the subject of the action. See Nix v. Mercury Motor Express, Inc., 242 S.E.2d 683, 684-85 (S.C. 1978). The preliminary question presented is whether the cause of action arose in South Carolina for purposes of the statute. Appellant claims that Collins's purchase and use of cigarettes in South Carolina is sufficient to establish jurisdiction. We disagree.

3

This Circuit has not decided the issue of how to analyze contacts with the forum in this context. We need not reach this question, however, because we are persuaded that Collins maintained insufficient contact with South Carolina to overcome application of the door-closing statute. Collins was a life-long resident of Georgia. He was treated for COPD in Georgia and died in Georgia. His purchase and use of cigarettes in South Carolina, which remains unproven except for an insignificant percentage of the total packages he bought and consumed throughout the country, is too tenuous to qualify as "causing" death in the instant case.

To highlight the insufficiency of Collins's contacts with South Carolina, Appellees point out that Appellant's deposition proves only that Collins purchased one carton of cigarettes in South Carolina. (J.A. at 73.) Though Appellant stated in an affidavit that "almost all" of Collins's cigarettes were purchased in that state, she refuted that assertion at deposition, when she testified that the statement in the affidavit had not been based on personal knowledge. She testified instead that she had never observed Collins purchase cigarettes in South Carolina, but had merely seen him smoking cigarettes at home that he had bought in South Carolina and saw one carton of cigarettes with a South Carolina stamp on it. (J.A. at 73, 76-78.) Similarly, Appellant's reliance on the personal knowledge of the Collins's son Dexter is weak. Dexter testified vaguely that he had witnessed his father buy some cartons of cigarettes in South Carolina. This statement loses its potential weight by Dexter's failure to distinguish Collins's purchases in South Carolina from those he witnessed throughout the United States. (J.A. at 92-105.)

We are further persuaded that Appellant cannot sue in South Carolina by the considerations noted in Szantay v. Beech Aircraft Corp., 349 F.2d 60 (4th Cir. 1965). In Szantay, we held that courts must bar actions under the door-closing statute unless they find affirmative countervailing federal considerations. Id. at 64. We refused to apply the door-closing statute in that case in light of the following countervailing federal considerations: (1) the purpose in granting diversity jurisdiction, which was to avoid discrimination against nonresidents; (2) the policy of encouraging a state to enforce the laws of its sister states; (3) the inability to serve one of the defendants outside South Carolina. Id. at 65. The importance of the last factor is paramount. In

4

Bumgarder v. Keene Corp., 593 F.2d 572 (4th Cir. 1979), we barred an asbestosis action under the door-closing statute when the plaintiff, a nonresident, could have maintained a suit in North Carolina, where he lived, worked, and was exposed to asbestos. We barred a personal injury claim on the same ground in Proctor & Schwartz, Inc. v. Rollins, 634 F.2d 738 (4th Cir. 1980). We noted that the plaintiff's choice of forum had been dictated by South Carolina's relatively long statute of limitations, compared to Georgia, id. at 739, and found it inconsequential that the statute of limitations in Georgia had elapsed: "A plaintiff's failure to timely file suit in the more logical, convenient forum does not constitute a countervailing consideration favoring the exercise of federal jurisdiction." Id. at 740.

In the instant case, Georgia clearly constitutes an alternative forum for Appellant, whose husband lived, received medical treatment, and died there. Following Rollins, we find that the fact that the statute of limitations in Georgia has lapsed is insufficient to overcome barring this action under the door-closing statute. The district court properly held that it lacked subject-matter jurisdiction over Appellees.

B.

Alternative grounds also existed to grant the motion for summary judgment as to both the personal injury and wrongful death claims. First, Appellant has no right to bring a claim pursuant to the South Carolina wrongful death statute. In addition, we agree with the district court's finding that Appellant's personal injury claim is time-barred.

The South Carolina wrongful death statute tests the right of an administrator to maintain an action on behalf of a decedent by determining whether the decedent could have maintained an action for the injury, had he or she survived. S.C. CODE ANN. § 15-51-10 (Law. Co-op. 1977); Nix v. Mercury Motor Express, Inc. , 242 S.E.2d 683, 685 (S.C. 1978) (stating rule). This question returns us to our previous discussion concerning whether the cause of action arose in South Carolina for purposes of the door-closing statute. See supra part II.A. For the same reasons that we hold that the door-closing statute bars the action, we find that the Appellant had no right to file a claim against Appellees under the South Carolina wrongful death statute.

5

As to the personal injury claim, the parties agree that South Carolina law, which provides a statute of limitations of six years for claims arising prior to April 5, 1988, applies. S.C. CODE ANN. § 15-3-530(5) (Law. Co-op. Supp. 1995). The parties disagree as to the date of accrual, which the statute defines as the date the decedent knew or by exercise of reasonable diligence should have known that he had a cause of action. S.C. CODE ANN. § 15-5-535 (Law. Co-op. Supp. 1995). Statutes of limitations on personal injury actions concerning chronic diseases begin to run at diagnosis. Guy v. E.I. DuPont de Nemours & Co., 792 F.2d 457, 459 (4th Cir. 1986). The time is tolled for eight months after death. S.C. CODE ANN. § 62-3-109 (Law. Co-op. 1987).

The district court found that the cause of action accrued on October 3, 1986. It reasoned that Collins effectively learned that he suffered from pulmonary disease on that date because of his poor pulmonary function tests and his doctor's advice to stop smoking. Accounting for the eight-month tolling of the statute, the district judge properly found that the statute of limitations lapsed on June 3, 1993, one year before Appellant filed the action.

Appellant argues that Collins did not know that smoking caused his injury.* However, while it is unclear whether the doctor formally diagnosed Collins with COPD on October 3, 1986, the medical records reveal that he told Collins of the poor pulmonary function test results and that Collins should stop smoking. The inference between proposed treatment of respiratory distress and the underlying diagnosis should have been obvious to Collins. Collins also acknowledged his history of emphysema that same year. Accordingly, the district court properly found that the claim was time-barred.

AFFIRMED
_____
*Collins died of COPD. During his lifetime, doctors discussed Collins's history of emphysema and the pulmonary distress from which he was suffering. At oral argument, Appellant argued that causes of action should not accrue until individuals are apprised of the exact disease that caused death. We are unpersuaded by this argument. Regardless, since COPD is a form of emphysema, the argument is unavailing.

6