**FUNG LIN WAH ENTERPRISES LIMITED, Plaintiff,**

v.

**EAST BAY IMPORT COMPANY, Neil Rose and Renee Odierna, Defendants.**

**C.A. No. 2:06–1789–PMD.**

United States District Court, D. South Carolina, Charleston Division.

Oct. 30, 2006.

Richard D. Malmed, Richard D. Malmed Law Office, Philadelphia, PA, Robert Alan Bernstein, Bernstein and Bernstein, Charleston, SC, for Plaintiff.

John B. Kern, Charleston, SC, Defendants.

### ORDER

DUFFY, District Judge.

This matter is before the court upon Defendant East Bay Import Company's ("East Bay"), Defendant Neil Rose's ("Rose"), and Defendant Renee Odierna's ("Odierna") motions to dismiss. For the reasons set forth herein, the court denies Defendants' motions.

### BACKGROUND

On June 14, 2006, Fung Lin Wah Enterprises Limited ("Plaintiff") filed suit in the United States District Court for the District of South Carolina against East Bay and Rose for breach of contract and against Odierna to recover under a personal guarantee. In the complaint, Plaintiff alleges East Bay is an Ohio corporation

with its principal place of business in Charleston, South Carolina. (Complaint ¶ 2.) The complaint further alleges that both Rose and Odierna are citizens and residents of South Carolina. (Complaint ¶¶ 3, 4.) Plaintiff asserts federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332 and ancillary jurisdiction under 28 U.S.C. § 1367. (Complaint ¶ 5.)

On August 24, 2006, Defendants filed Corrected Motions to Dismiss for lack of subject matter jurisdiction and for failure to state a claim but did not submit a Memorandum in Support. Plaintiff filed a Memorandum in Opposition to Defendants' Motions to Dismiss on September 25, 2006.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to *infer* that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972).

Similarly, when evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

## ANALYSIS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In Defendants' Corrected Motions to Dismiss, Defendants assert this court does not have subject matter jurisdiction because diversity jurisdiction does not exist in this case.[1] Title 28, Section 1332 of the United States Code is the provision on diversity jurisdiction:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, as defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent resi-

---

**1.** Defendants do not appear to assert that the amount in controversy is not satisfied. In its Complaint, Plaintiff seeks judgment against East Bay and Rose in the amount of $241,087.46 and against Odierna in the amount of $41,087.46. (Complaint at 5.)

dence shall be deemed a citizen of the State in which such alien is domiciled. . . .

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .

28 U.S.C. § 1332. More specifically, Defendants assert this court "lacks jurisdiction over the subject matter where the plaintiff is either a foreign entity or an instrumentality of the People's Republic of China, and the defendants are not citizens of the State of South Carolina, and where each of the events described in the complaint are to have been undertaken in Hong Kong or China, outside the jurisdiction of the district court." (Defendants' Corrected Motion ¶ 1.) The only authority Defendants cite for this proposition is Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Defendants' Corrected Motion ¶ 1.)

█ It is unclear from Defendants' argument why this court does not have jurisdiction under 28 U.S.C. § 1332(a)(2), which provides for federal jurisdiction between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Plaintiff has alleged that it "is a Chinese corporation . . . doing business in Hong Kong." (Complaint ¶ 1.) Plaintiff is thus deemed a citizen or subject of China because "[a] 'corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State.'" *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91, 122 S.Ct. 2054, 153 L.Ed.2d 95 (quoting *Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 121, 1 S.Ct. 58, 27 L.Ed. 87 (1882)).

Furthermore, Plaintiff has alleged that all defendants are citizens of South Carolina. (Complaint ¶¶ 2–4.) Plaintiff alleged East Bay is an Ohio corporation with its principal place of business in Charleston, South Carolina. Defendants appear to argue East Bay is not a citizen of South Carolina because it is an Ohio corporation.[2] (Defendants' Corrected Motions to Dismiss at 2.) However, for purposes of determining jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, ———, 126 S.Ct. 941, 944–45, 163 L.Ed.2d 797 (2006). Taking Plaintiff's allegations as true, East Bay is a citizen of South Carolina. Plaintiff also alleged Odierna is a citizen and resident of Charleston County, South Carolina, and Defendants admitted this allegation. (Corrected Ans. ¶ 5.)

█ Plaintiff further alleged Rose "is a citizen and resident of South Carolina, whose principal place of business is located within Charleston Cou[nt]y, South Carolina." (Complaint ¶ 3.) In their Corrected Answer, Defendants deny this allegation and instead allege that Rose is a citizen of the United Kingdom. (Corrected Ans. ¶ 4.) Defendants, however, do not produce any such evidence of Rose's citizenship other than this allegation. Although the court may go beyond the face of the complaint and consider evidence without con-

---

**2.** Although Plaintiff alleged in its complaint that East Bay is an Ohio corporation (Complaint ¶ 2), in its Memorandum in Opposition to Defendants' Motions to Dismiss, Plaintiff states that East Bay domesticated as a South Carolina corporation on March 14, 2006. (Plaintiff's Mem. at 2; Exhibit A to Mem. in Opposition; Exhibit B to Mem. in Opposition.)

verting the motion into one for summary judgment, *see Richmond, Fredericksburg,* 945 F.2d at 768, the facts "alleged in the complaint are assumed to be true." *Adams,* 697 F.2d at 1219. If Rose is in fact a citizen of the United Kingdom, Plaintiff may have difficulty proving diversity jurisdiction exists, as "alien citizenship on both sides of the controversy destroys diversity." *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 120 (4th Cir. 2004). However, pursuant to 28 U.S.C. § 1332(a), "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a). In its Memorandum in Opposition to Defendants' Motions to Dismiss, Plaintiff states, "Defendant Neil Rose has failed to present any evidence regarding foreign citizenship but, even if he is a foreign citizen, he is almost certainly deemed a citizen of South Carolina for residency purposes." (Plaintiff's Mem. in Opposition at 3.) Because Plaintiff's allegations are accepted as true for purposes of a motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and because Defendants produce no evidence to support their allegations regarding Rose's citizenship, this court declines to grant Defendants' motion to dismiss on the grounds that diversity does not exist.[3] Plaintiff alleges that it is a Chinese corporation and that all defendants are citizens of South Carolina.

■ Defendants further assert this court lacks subject matter jurisdiction due to South Carolina's door-closing statute. This statute states,

An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:

(1) By any resident of this State for any cause of action; or

(2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject matter of the action shall be situated within this State.

S.C. CODE § 15–5–150 (1976).[4] This statute "closes the doors of South Carolina's courts for suits ... involving a foreign cause of action brought by a foreign plaintiff against a foreign corporation." *Proctor & Schwartz, Inc. v. Rollins,* 634 F.2d 738, 739 (4th Cir.1980). The Fourth Circuit has held that "a South Carolina federal court exercising diversity jurisdiction must apply [this statute] 'unless there are affirmative countervailing federal considerations.' " *Id.* at 739–40 (quoting *Szantay v. Beech Aircraft Corp.,* 349 F.2d 60, 64 (4th Cir.1965)).[5]

■ As Plaintiff is not a resident of South Carolina, for it to bring "[a]n action against a corporation created by or under the laws of any other state, government or country[,] ... the cause of action shall

---

**3.** It should be noted, however, that "lack of subject matter jurisdiction is an issue that requires sua sponte consideration when it is seriously in doubt." *Cook v. Georgetown Steel Corp.,* 770 F.2d 1272, 1274 (4th Cir.1985).

**4.** In *Farmer v. Monsanto Corp.,* 353 S.C. 553, 579 S.E.2d 325 (2003), the Supreme Court of South Carolina stated section 15–5–150 "does not affect subject matter jurisdiction." *Farmer,* 353 S.C. at 557, 579 S.E.2d at 328. Instead, this statute "determines the capacity of a party to sue." *Farmer,* 353 S.C. at 557, 579 S.E.2d at 327.

**5.** In refusing to apply the "door-closing" statute in Szantay, this court noted several countervailing federal considerations: (1) the purpose in the grant of diversity jurisdiction of avoiding discrimination against nonresidents; (2) the policy of encouraging a state to enforce the laws of its sister states; and (3) the fact that South Carolina was the only state in the country in which the two defendants could be joined. *Proctor & Schwartz,* 634 F.2d at 740.

have arisen or the subject matter of the action" must be situated within South Carolina. S.C. CODE § 15–5–150. Defendants assert South Carolina's door-closing statute "denies jurisdiction in courts in South Carolina when brought by a foreign plaintiff, Fung Lin Wah Enterprise Ltd. (whether a Chinese government-owned instrumentality or Hong Kong corporation) against a foreign defendant (East Bay Import Company, an Ohio corporation and Neil Rose, a citizen of the United Kingdom)." (Defendants' Corrected Motions to Dismiss at 2.) Defendants' assertion is incorrect. Based on the plain language of the statute, a case brought by a foreign plaintiff against a foreign defendant can be brought in South Carolina when the cause of action arose or the subject matter of the action is situated in South Carolina. *See* S.C. CODE § 15–5–150; *see also Nix v. Mercury Motor Express, Inc.*, 270 S.C. 477, 482, 242 S.E.2d 683, 684–85 (1978) ("We need go no further than the plain language of [the statute] … to see that the circuit court lacks subject matter jurisdiction over the action by … a nonresident plaintiff[ ] against … a foreign corporation[ ] for a cause of action that did not arise or the subject of which is not situated within this State."), *overruled on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003).

▪ As a preliminary matter, Plaintiff has alleged and produced some evidence that none of the defendants in this action are foreign defendants. If no defendants are foreign defendants, Plaintiff has the capacity to sue in South Carolina. Furthermore, Plaintiff has produced some evidence that the cause of action arose in this state. " 'A cause of action on a contract arises at the place of performance; for there the delict or wrong, which is the refusal to perform, takes place. … So that the final test as to where an action on a contract arises is to ascertain the place where it is to be performed.' " *Recreonics*

*Corp. v. Aqua Pools, Inc.*, 638 F.Supp. 754, 757 (D.S.C.1986) (quoting *Carpenter v. American Acc. Co.*, 46 S.C. 541, 24 S.E. 500, 501 (1896)). Defendants assert the cause of action did not arise in this state, as "Plaintiff alleges that the first cause of action arose in Hong Kong, including certain alleged failures in regards to the establishment of a showroom in Hong Kong." (Defendants' Corrected Mot. at 1.) In its complaint, Plaintiff alleges,

6. On or about February 18, 2003, [Plaintiff] and East Bay and Neil Rose entered into an Agreement in which East Bay would act as agent for [Plaintiff] in selling its products in the Americas and Europe-a copy of the Agreements are attached hereto, marked Exhibit "A" and made part hereof.

7. In furtherance of the relationship, [Plaintiff] spent $100,000 to set up and staff a showroom for its products in Hong Kong so that East Bay could bring its customers to view [Plaintiff's] products and meet [Plaintiff's] representatives.

(Complaint ¶¶ 6, 7.) According to Plaintiff, [T]he Defendants mis-characterize the allegations of the complaint as asserting a[ ] contract to be performed in Hong Kong. To the contrary, the contract with East Bay Import Company … states that East Bay Import Company, of Charleston, South Carolina, will act as agent for the Plaintiff to develop the European and American markets. The contract specifically anticipated that an entity headquartered in Charleston would work from Charleston to develop European and American markets. It was thus anticipated that East Bay Import Company would perform its contractual duties from South Carolina.

(Plaintiff's Mem. in Opposition at 4.) Looking at Plaintiff's allegations and the agency

agreement, this court is not certain where performance was to take place. However, because Plaintiff has produced some evidence that South Carolina was the place of performance, and because Plaintiff has produced some evidence that none of the defendants are foreign defendants, this court denies Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B. Motion to Dismiss for Failure to State a Claim

■ Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted. To support this motion, Defendants assert "Plaintiff's allegations do not evidence that Neil Rose is individually party to any agreement," Plaintiff's claims relate to an agreement entered into as a result of Plaintiff exercising duress, Plaintiff terminated the agreement, and the agreements are unenforceable. (Defendants' Corrected Mot. at 2.) As a preliminary matter, Plaintiff's allegations do evidence that Rose is individually a party to the agreement. In fact, the agency agreement itself states, "This Agency Agreement is made between Fung Lin Wah Enterprise Ltd., Hong Kong (FLW) and Mr. Neil Rose (NR) for the mutual

interest of generating more business and profits together." (Plaintiff's Exhibit A to Complaint.)

■■ "To recover for a breach of contract, the plaintiff must prove: (1) a binding contract entered into by the parties; (2) a breach or unjustifiable failure to perform the contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach." *Tomlinson v. Mixon*, 367 S.C. 467, 479, 626 S.E.2d 43, 49 (Ct.App.2006). Plaintiff has alleged these three elements.[6] In Defendants' Corrected Motions to Dismiss, Defendants do not appear to contest the existence of a valid contract;[7] their remaining grounds for dismissal appear to be defenses to enforcement of the contract. However, "[a] Rule 12(b)(6) motion ... does not generally invite an analysis of potential defenses to the claims asserted in the complaint. A court may consider defenses on a 12(b)(6) motion only when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 185 (4th Cir.2000) (internal quotation marks and citations omitted). Because this court does not find the face of the complaint to reveal the existence of a meritorious defense, and because Plaintiff pled the three elements of a breach of contract

---

6. Plaintiff has alleged the existence of a contract, *see infra* note 7, breach, and damages. Plaintiff alleges Rose and East Bay breached the contract by selling products for other business entities in China and Hong Kong and by receiving funds due to the Plaintiff but refusing to remit them. (Complaint ¶¶ 11 – 20.) Plaintiff demands the funds allegedly kept improperly by the Defendants and $200,000 for breach of contract damages provided by the agency agreement. (Complaint p. 4.)

7. In their Answer, however, Defendants do state that Plaintiff "has failed to establish a contract between the parties." (Ans. ¶ 10.) "The required elements of a contract are an

offer, acceptance, and valuable consideration." *Armstrong v. Collins*, 366 S.C. 204, 222, 621 S.E.2d 368, 377 (Ct.App.2005). This court finds Plaintiff has made a sufficient showing of a contract to survive a 12(b)(6) motion, as Plaintiff alleges Plaintiff, East Bay, and Rose "entered into an Agreement in which East Bay would act as agent for [Plaintiff] in selling its products in the Americas and Europe." (Complaint ¶ 6.) Furthermore, Plaintiff alleges it has paid Defendants a consultancy fee of $8,333.33 per month since February 1, 2003, and that "East Bay agreed to limit itself to representing [Plaintiff] exclusively for products from Mainland China and Hong Kong." (Complaint ¶¶ 8, 10.)

claim, this court denies Defendants' motion to dismiss for failure to state a claim.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**. It is further **ORDERED** that Defendants' motion to dismiss for failure to state a claim is **DENIED**.

**AND IT IS SO ORDERED.**